NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON QUIGLEY,<br><br>                Plaintiff,<br><br>v.<br><br>JENNIFER ARTHUR and ROBERT ARTHUR,<br><br>                Defendants. | Civil Action No.: 10-4308 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Robert Arthur ("Defendant")'s Motion for Summary Judgment based on his alleged lack of agency in Plaintiff Creighton Quigley ("Plaintiff")'s negligence action. Plaintiff has filed no opposition to Defendant's Motion for Summary Judgment. This motion is decided on the papers pursuant to Federal Rule of Civil Procedure 78.

## I. BACKGROUND

On August 29, 2008, Plaintiff was operating a 2008 Honda Odyssey at or about 11:00 am in a southerly direction on Speedwell Avenue, Morris Plains, New Jersey, and had halted in traffic. (Compl., ¶ 6). Defendant Jennifer Arthur, wife of the moving Defendant, was operating a 2005 Kia automobile at the same time and location while driving in a southerly direction. (Compl., ¶ 7). The vehicle being operated by Defendant Jennifer Arthur was owned by the moving Defendant. (Compl., ¶ 8). At the aforesaid time and location, Defendant Jennifer Arthur's vehicle struck Plaintiff's vehicle from behind, causing an accident from which Plaintiff

allegedly sustained personal injuries and other damages. (Compl., ¶ 9).

Plaintiff filed a Complaint before this Court on August 23, 2010. [Docket Entry No. 1]. The Complaint sets forward two counts, one against each named Defendant. Count One of the Complaint asserts a negligence claim against Defendant Jennifer Arthur. (Compl., ¶¶ 10-17). Count Two asserts a claim of negligent entrustment against Defendant Robert Arthur, claiming that he "entrusted his vehicle or allowed it to be entrusted to defendant Jennifer Arthur after he knew or should have known that she was not competent to drive such vehicle," and that "he allowed defendant Jennifer Arthur to drive his vehicle in a negligent fashion as set forth in Count I hereof." (Compl., ¶ 19).

On September 23, 2011, by permission of this Court, Defendant Robert Arthur filed a Motion for Summary Judgment [Docket Entry No. 18]. The Motion requests the Court to enter judgment as a matter of law in favor of Defendant Robert Arthur on Count Two of Plaintiff's Complaint based upon his alleged lack of agency. The Motion was supported by a copy of the accident report and affidavits by Defendants Jennifer and Robert Arthur. On September 29, 2011, Magistrate Judge Hammer issued a Scheduling Order which stated that fact discovery was to remain open through November 1, 2011. [Docket Entry No. 20].

## II. LEGAL STANDARD

A court grants summary judgment to a moving party "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c). The moving party must first show that no genuine issue of material fact exists. Celotex

2

Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is not appropriate where the evidence before the court reveals a genuine factual disagreement requiring submission to a jury. An issue is "genuine" if the evidence is such that a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Further, "the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Id. at 248-49 (citation omitted). Unless the Court orders otherwise, a party may move for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(c). However, "where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted as a matter of course." Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984)(quoting Ward v. United States, 471 F.2d 667, 670-71 (3d Cir. 1973).

### III. DISCUSSION

Generally under the common law, an owner of a motor vehicle who allows another to drive that vehicle is not liable for the operator's negligence. See Haggerty v. Cedeno, 279 N.J. Super. 607, 611 (App. Div. 1995); Harvey v. Craw, 110 N.J. Super. 68, 73-74 (App. Div.), cert. denied, 56 N.J. 479 (1970). However, an exception to this rule exists when the owner entrusts the motor vehicle to an unfit or incompetent driver. See Sikora v. Wade, 135 N.J. Super. 62, 64-65 (1975). This negligent entrustment is an independent cause of action against the owner of the vehicle and is not dependent on theories of agency, joint venture, or other forms of vicarious

liability. See Huhn v. Estate of Altieri, 2008 N.J. Super. Unpub. LEXIS 1998 (Mar. 31, 2008). In New Jersey, an owner of an automobile "is responsible for the negligence of an incompetent driver, whom he permits to drive, with knowledge of that incompetency." Hala v. Worthington, 130 N.J.L. 162 (1943). In an action based on a theory of negligent entrustment, the plaintiff generally must prove that:

> (1) the entrustee was incompetent, unfit, inexperienced, or reckless;
> (2) the entrustor knew . . . , should have known or had reason to know of the entrustee's condition or proclivities;
> (3) there was an entrustment of the dangerous instrumentality;
> (4) the entrustment created an appreciable risk of harm to others; and
> (5) the harm to the injury victim was "proximately" or "legally" caused by the negligence of the entrustor and the entrustee.

New Jersey Citizens United v. Hernandez, 2006 N.J. Super. Unpub. LEXIS 80 (Mar. 20, 2006)(citing 57A Am. Jur. 2d Negligence § 318 (2005)).

The facts are undisputed that Defendant Jennifer Arthur was operating the vehicle when the subject motor vehicle accident occurred on August 29, 2009. (Compl., ¶ 8; Def. 56.1 Stmt, ¶¶ 1-3). The Parties do however dispute whether an agency relationship existed between Defendants Robert and Jennifer Arthur, and they also dispute whether Defendant Robert Arthur entrusted his vehicle to Defendant Jennifer Arthur "after he knew or should have known that she was not competent to drive such vehicle." (Compl., ¶¶ 8, 19; Def. 56.1 Stmt, ¶ 3).

In support of his Motion for Summary Judgment, Defendant Robert Arthur submitted three exhibits purporting to show a lack of agency on the part of said Defendant with respect to Defendant Jennifer Arthur. The first exhibit, Exhibit A, is a police report indicating "Robert Arthur Jr." as the name of the owner of the car involved in the subject accident. (Def. Mot. for Summ. J., Ex. A). Exhibits B is an affidavit by Defendant Jennifer Arthur denying that she "was

acting as [Defendant Robert Arthur's] servant or as his agent on the date of the accident," and stating that she "borrowed the motor vehicle in question solely for my own personal business. At the time of the accident I was engaged in my own personal business and was not doing any act on behalf of Robert Arthur." (Id., Ex. B, ¶¶ 3-4). Exhibit C is an affidavit by Defendant Robert Arthur also denying that an agency relationship existed between Defendant Jennifer Arthur and himself: "At the time of the accident, the vehicle was being used by my wife Jennifer Arthur, for her own personal use. She had my permission to use the vehicle. . . . Jennifer Arthur was not driving the car as my agent, servant or employee, nor did I ask her to use the car for any benefit to me at the time the alleged accident occurred." (Id., Ex. C, ¶¶ 3, 5).

While this evidence may go towards a determination of whether or not an agency relationship existed between the two Defendants, they are insufficient to address the independent cause of action asserted by the Plaintiff regarding negligent entrustment since that claim is not dependent on theories of agency or vicarious liability. There remains genuine factual disagreements between the Parties as to whether Defendant Jennifer Arthur, the entrustee, was incompetent, unfit, inexperienced, or reckless, whether the entrustor, Defendant Robert Arthur, knew or should have known or had reason to know of Defendant Jennifer Arthur's condition or proclivities, and whether the entrustment created an appreciable risk of harm to others. Further, given the state of pending discovery and the fact that discovery requests pertinent to the central issues of fact are outstanding in this matter, this Court finds Defendant Robert Arthur's Motion for Summary Judgment premature.

## IV. CONCLUSION

For the foregoing reasons, Defendant Robert Arthur's Motion for Summary Judgment is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: November 9, 2011

José L. Linares
United States District Judge